Stefanos Georgousopoulos (SBN 314856)
SYG LAW FIRM, INC.
1 Better World Circle, Suite 140
Temecula, CA 92590
Telephone (951) 595-7127
sg@syglaw.com

Counsel for Plaintiff
Delores Popkins

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES POPKINS, individual,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DELTA AIR LINES, INC.,<br>　　a foreign corporation,<br><br><br>　　　　Defendant. | Case No.: **'25CV1355 TWR SBC**<br><br>**COMPLAINT FOR NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA:**

---

**COMPLAINT FOR NEGLIGENCE**

1

## I.   INTRODUCTION

1. Plaintiff Delores Popkins, by and through her attorney, Stefanos Georgousopoulos of SYG Law Firm, Inc., alleges the following against Defendant Delta Air Lines, Inc.:

2. This lawsuit arises out of the painful burn injuries suffered by Plaintiff Delores Popkins, an airline passenger, while aboard Delta Flight DL762 on March 12, 2025. Plaintiff's injuries are due to the negligence and omissions of Delta and its employees while Plaintiff was in Defendant's care.

3. Plaintiff seeks recovery of compensatory damages for severe bodily injuries and emotional injuries that she sustained as a result of the Defendant's negligence.

## II.   PARTIES, JURISDICTION, and VENUE

4. Plaintiff, Delores Popkins, is domiciled in and a citizen of Riverside County, California. She was a passenger on Delta Flight DL762 from San Diego, California to Atlanta, Georgia on March 12, 2025.

5. Defendant, Delta Air Lines, Inc., is a Delaware corporation with its principal place of business in Atlanta, Georgia.

6. Delta is present and does substantial business in San Diego, California at San Diego International Airport, including the subject flight.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (diversity) because Plaintiff is a resident of California and Defendant is a citizen of Delaware and Georgia, and the amount in controversy is over $75,000.

8. Venue is proper in this District under 28 U.S.C. § 1391.

## III.   FACTUAL BACKGROUND

9. Defendant Delta is a common carrier engaged in the business of transporting passengers for hire by air and, in furtherance thereof, operates regularly

schedule flights, including daily passenger flights from San Diego, California to Atlanta, Georgia.

10. As a common carrier, Delta owes the highest duty of care for the safety of its passengers.

11. As a common carrier, Delta is also required to properly train its employees, including pilots and flight attendants, on how to properly respond to in-flight emergencies.

12. Plaintiff Delores Popkins was a passenger on Delta Flight DL762 from San Diego, California to Atlanta, Georgia. She was a passenger in her assigned aisle seat.

13. Defendant Delta offered its passengers an assortment of drinks. Plaintiff Delores Popkins ordered a decaffeinated coffee.

14. When the Delta stewardess returned to serve Plaintiff her drink, the stewardess placed a cup filled with scalding hot water on the fold out tray in front of Plaintiff. However, the cup was not placed in the recessed cup holder section of the fold out tray. Instead, the Delta stewardess placed the cup on the edge of the tray in front of Plaintiff and caused the cup to tip over, pouring the scalding hot water over Plaintiff's thighs and genitals.

15. Plaintiff immediately screamed out in pain as the Delta stewardess ran to the back of the plane, where Plaintiff assumed the stewardess was gathering items for treatment.

16. Plaintiff took a small bottle of cold water and dumped it on her own lap to stop the burning sensation but only had enough cold water for her left thigh.

17. Plaintiff looked for the stewardess, hoping she was returning with treatment options after causing the burn, but Plaintiff could not locate the stewardess. Plaintiff then called for the attention of another nearby stewardess.

18. Plaintiff requested assistance from the second stewardess. The second stewardess responded that she would search for the lead stewardess.

19. The lead stewardess then returned with a small bag of ice. Plaintiff Delores Popkins requested burn ointment but the lead stewardess refused her request.

20. Plaintiff Popkins requested to file a report of the incident. A stewardess later approached Plaintiff Popkins holding an electronic tablet, allegedly completing a report of the incident. Upon completion, Plaintiff requested a copy of the incident report to which the stewardess replied that a copy of the report would be immediately emailed to Plaintiff. To this day, no such report has been sent to Plaintiff.

21. The stewardess then informed Plaintiff that upon landing, Plaintiff would need to speak with the captain to go over the details of the incident. However, when the flight landed in Atlanta, Georgia, two unidentified men boarded the plane and escorted Plaintiff off the plane. Plaintiff assumed they were escorting Plaintiff to the captain but instead they escorted Plaintiff off the plane.

22. Plaintiff asked to speak to the captain but the men informed her that since she had exited the aircraft, she would not be allowed back on to speak with the captain.

23. Plaintiff felt uncomfortable as she was unclear as to the identity of the two men. It was unclear to Plaintiff if they were EMTs, Delta employees, or other.

24. Since the incident, Plaintiff has visited several urgent care facilities and a burn center where she was informed that she had multiple second degree burns on her thighs, with one portion of the right leg possibly reaching the level of a third degree burn. The photograph below was taken on March 17, 2025 and serves as only an example of the severity of the burns.

[SPACE INTENTIONALLY BLANK]

**COMPLAINT FOR NEGLIGENCE**

4

 

25. Plaintiff has suffered extensive pain, has had to change her daily routine, and suffered emotional distress as a result of the burn caused by Delta.

## IV.   CAUSES OF ACTION
### COUNT ONE – NEGLIGENCE

26. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

27. As a common carrier, Delta owes a legal duty to provide its passengers, including Plaintiff, with a safe flight and not to serve coffee to passengers which is excessively hot, without a lid, or in a manner that is likely to spill as it is reasonably foreseeable that doing so could result in severe burn injuries to its passengers.

28. As a common carrier, Delta is also required to properly train its employees, including its flight attendants, about how to properly respond to in-flight emergencies, including how to treat burn injuries and obtain in-flight medical assistance by potential medical professionals.

**COMPLAINT FOR NEGLIGENCE**

29. During Plaintiff's flight, Delta's flight attendants served an excessively hot drink to Plaintiff without a lid and caused that drink to spill on Plaintiff's lap through one or more of the following negligent acts or omissions:

   a. Placing a cup of excessively hot liquid in a negligent manner on the tray, not in the recessed cup hold portion of the tray but rather near the edge close to Plaintiff's lap causing it to spill;
   b. Serving excessively hot liquid;
   c. Serving excessively hot liquid in a cup without a lid.

30. Delta and its employees, including its flight attendants, also negligently failed to:

   a. Promptly and properly provide in-flight medical assistance to Plaintiff;
   b. Make an announcement requesting assistance of a doctor or other medical professional onboard to render aid;
   c. Otherwise take appropriate action to protect the Plaintiff from bodily harm

31. As a result of the foregoing negligent acts or omissions by Delta and its employees, including Delta's flight attendants, Plaintiff suffered personal injuries, including first and second degree burns to her left thigh, right thigh, scarring, pain and suffering, mental anguish, depression, anxiety, sleeplessness, withdrawal, medical expenses, and other injuries and damages to be proven at trial.

32. The above negligent acts or omissions by Delta and its employees, including the flight attendants, proximately caused Plaintiff's injuries.

33. Delta is liable for all injuries that Plaintiff has sustained and all damages flowing from those injuries.

## V.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court:

1. Accept jurisdiction over this matter;
2. Enter judgment in Plaintiff's favor against Delta Air Lines, Inc.;

COMPLAINT FOR NEGLIGENCE

3. Award all damages available under the law, her court costs in this matter, and such other relief as the Court deems just and proper;

4. Grant such other and further relief as this Court deems just and proper.

## VI.   JURY TRIAL

Plaintiff demands a jury trial on all claims and issues so triable.

Respectfully submitted this 28th day of May, 2025,

Plaintiff Delores Popkins

*By counsel,*


*/s/ Stefanos Georgousopoulos*
Stefanos Georgousopoulos, Esq.
California Bar Number:  314856
SYG LAW FIRM, INC.
1 Better World Circle, Suite 140
Temecula, CA 92590
Telephone: (951) 595-7127
Email: sg@syglaw.com

**COMPLAINT FOR NEGLIGENCE**